UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.
WALTER MARK LAZAR,

       Plaintiffs and Counter-Defendants,      Case number 01-70414
                                                                  Honorable Julian Abele Cook, Jr.
v.

WORLDWIDE FINANCIAL SERVICES, INC.,
d/b/a LOANGIANT, and JACK B. WOLFE,

       Defendants,

v.

JACK B. WOLFE,

       Counter-Plaintiff.

## ORDER

This is a *qui tam* action that had been originally filed under seal by the Plaintiff, Walter Mark Lazar. However, the United States of America ("Government") intervened in this case on January 25, 2007 when it filed a complaint against the Defendants, Jack B. Wolfe and World Wide Financial Services, Inc. ("World Wide Financial"), doing business as LoanGiant. In its complaint, the Government proffered claims under the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), which involved a fraudulent loan scheme that had been allegedly perpetuated by Wolfe, through his company, World Wide Financial. The Government also contended that these two Defendants had filed (or caused to be filed) false claims which resulted in the unwarranted disbursement of funds by the Department of Housing and Urban Development ("HUD").

On March 19, 2007, Wolfe filed for protection under Chapter 7 of the Bankruptcy Code.[1] On April 5, 2007, he filed a counterclaim against the Government and Lazar, accusing each of these Counter-Defendants of the commission of acts which violated his civil and constitutional rights. In addition, Wolfe included a charge of defamation against Lazar. On April 23rd and June 4th, respectively, Lazar and the Government filed motions to dismiss Wolfe's counterclaim,[2] both of which are now before the Court for a decision.

I.

Upon the filing of a bankruptcy petition, Bankruptcy Code Section 362(a)(1) imposes a stay on the commencement or the continuation of a judicial proceeding against the debtor. However, an action, which seeks to enforce the police and regulatory authority of a governmental unit, represents one of the exceptions to this "stay" mandate. 11 U.S.C. § 362(b)(4). In passing this legislation, Congress expressed its intention to permit the continuation of actions and proceedings by governmental units which are designed to redress fraud. H.R. Rep. No. 95-595, at 728 (1977).

On May 9, 2007, the Government filed a motion with the Bankruptcy Court, seeking a ruling that would declare this civil action under the False Claims Act to be exempt from the automatic stay that would ordinarily be imposed upon the filing of a bankruptcy petition. On May 30, 2007, Bankruptcy Judge Marci B. McIvor granted the Government's request and issued an order which determined that this case "is excepted by 11 U.S.C. § 362(b)(4) from the automatic stay as an exercise of the United States' police and regulatory authority and may proceed to judgment."[3] This Court, believing that the decision of the Bankruptcy Court is correct, will allow

---

[1] *In Re: Jack B. Wolfe,* No. 07-45347 (Bankr. E.D.Mich. March 19, 2007).

[2] Wolfe has not filed a response to either motion as of this date.

[3] Order, *In Re: Jack B. Wolfe*, No. 07-45347 (Bankr. E.D.Mich. May 30, 2007).

this litigation to proceed.

II.

This case was initiated on January 30, 2001 when Lazar filed a complaint under seal against Wolfe and World Wide Financial, seeking relief under the False Claims Act, 31 U.S.C. § 3279, *et seq.* Following a multi-year investigation into the Lazar's allegations, the Government elected to intervene on August 23, 2006. On January 25th of the following year, the Government filed its complaint, seeking to recover treble damages and civil penalties against the Defendants for their alleged fraudulent activities.

In Wolfe's counterclaim, he asserts that the Government and Lazar encroached upon his (1) constitutional rights, in violation of 42 U.S.C. § 1983, (2) procedural and substantive due process rights under the Fourteenth Amendment, and (3) right to equal protection of the law under the Fourteenth Amendment. Wolfe also charged Lazar with having defamed him through the publication of untruthful statements.

Fed.R.Civ.P. 12(b)(1) requires that a case be dismissed if the court lacks jurisdiction over the subject matter of the lawsuit. The burden of proving jurisdiction lies with the plaintiff. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266 (6th Cir. 1990). Whenever a party moves for the dismissal of an issue on the basis of Rules 12(b)(1) and 12(b)(6), the court must initially consider the 12(b)(1) motion since an evaluation of the 12(b)(6) issue would become moot if subject matter jurisdiction is lacking. *Moir*, 895 F.2d at 269.

On the other hand, Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss a claim on an issue of law. In 1988, the Sixth Circuit Court of Appeals declared that "[a] Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). If "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief," then the court must grant a motion to dismiss. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the court must "accept all of the plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Engineers and Associates, Inc. v. West Bloomfield Tp.,* 922 F.2d 328, 330 (6th Cir. 1990).

III.

In general, the United States of America is immune from liability in a law suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In those situations where the United States of America consents to be sued, Congress defines the conditions under which litigation will be permitted. *Kendall v. United States,* 107 U.S. 123, 125 (1883). Finally, any waiver or consent to suit must be express, clear and unequivocal. *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998).

In this case, the Government has taken the position that it enjoys sovereign immunity which has not been waived. In his counterclaim, Wolfe asserts that jurisdiction of his counterclaim lies with this Court, citing to 28 U.S.C. § 1331 and § 1343.[4] However, these jurisdictional statutes are only general grants of jurisdiction and do not waive sovereign immunity. *Reed,* 146 F.3d at 397-398. Unfortunately for his position, Wolfe has neither identified any exception to the Government's sovereign immunity claim nor pointed to any statute that would authorize his counterclaim against

---

[4]28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."28 U.S.C. § 1343 states, in pertinent part, that: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (c) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."

the United States.

In his counterclaim, Wolfe alleges that a HUD – a federal agency – violated his constitutional rights of due process and equal protection, in violation of 42 U.S.C. § 1983. However, by its express terms, this statute only creates a cause of action against those persons who act under the color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for the redress. . . .

Thus, in order to state a claim which is cognizable under Section 1983, a plaintiff must demonstrate that (1) he was deprived of a right that has been secured by the Constitution or laws of the United States, and (2) this deprivation was caused by one who acts under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978). In the absence of either element, a claim under this statute is not enforceable. HUD is an agency of the United States which acts under the color of federal law – not state law. *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 931 (6th Cir. 1987). Moreover, and stating the obvious, HUD is not a person.

Thus and for the reasons that have been stated above, Wolfe's claims against the Government must be dismissed for lack of subject matter jurisdiction. Even if subject matter jurisdiction was deemed to be proper, Wolfe's claims against the Government have failed to state a claim for which relief can be granted, and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

IV.

In his counterclaim, Wolfe has accused Lazar of violating his constitutional rights, for which he seeks to obtain damages under Section 1983. However, in order to state a cognizable claim under this statute, a plaintiff must allege that his constitutional rights were deprived by a

person who was acting under the color of a state law. Here, Lazar filed a complaint against Wolfe et al under the False Claims Act, 31 U.S.C. § 3730(b)(1), which states that "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." In filing this complaint, Lazar was a private citizen who was presumably acting under color of federal law. Significantly, Wolfe's complaint does not allege that Lazar committed any illegal act under the color of state law. Thus, his Section 1983 claim against Lazar must be dismissed.

Wolfe also maintains that Lazar violated his rights under the Fourteenth Amendment to the United States Constitution. However, this Amendment to the United States Constitution was designed to protect the substantive and procedural due process rights of a citizen from deprivation by state actors.[5] The evidence in this record clearly indicates that Lazar is not a state actor. Moreover, there is nothing within his counterclaim which suggests that Lazar was acting under state law during any of the times that are relevant to this controversy. Thus, Wolfe's Fourteenth Amendment claims against Lazar must be dismissed.

V.

Wolfe also maintains that Lazar published certain defamatory comments about him, all of which caused him to sustain injuries to his general reputation. Under Michigan law, a plaintiff must establish the following four elements in order to maintain a defamation action: (1) the existence of a false and defamatory statement concerning him, (2) an unprivileged publication that had been made to a third party; (3) a degree of fault which constituted at least negligence on the part of the publisher; and (4) actionability of the statement irrespective of special harm (i.e., defamation per

---

[5]The Fourteenth Amendment states, in pertinent part, that "[n]o state shall deprive any person of life, liberty, or property, without due process of law. . . ."

se), or the existence of a special harm that was caused by the publication (i.e., defamation per quod). *Andrews v. Prudential Sec.,* 160 F.3d 304, 308 (6th Cir. 1998). In addition, the elements of defamation must be specifically asserted, including allegations with respect to defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the allegedly defamatory words. *Gonyea v. Motor Parts Federal Credit Union*, 192 Mich.App. 74, 77 (1991).

Here, the defamation claim in this law suit is based upon the contention that "[Lazar] has made statements in his qui tam complaint about the character of [Wolfe] which were and remain untruthful and that these statements were published and have caused [him to sustain] damages." (Wolfe's Counterclaim at 4.) However, it is well established law in Michigan that statements that are made during the course of a judicial proceeding are entitled to absolute privilege. *Couch v. Schulz*, 193 Mich. App. 292, 294 (1992). This immunity extends to every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings and affidavits. *Id* at 295. If an absolute privilege applies, there can be no action for defamation. *Id* at 294. Here, the only allegedly defamatory statements at issue are those which can be found in Lazar's *qui tam* complaint. As a result, Wolfe's defamation claim against Lazar must be rejected.

VI.

Accordingly and for the reasons that have been stated above, Wolfe's counterclaim against the Government and Lazar must be, and is, dismissed in its entirety. The motions to dismiss by the Government and Lazar are granted.

IT IS SO ORDERED.

| | |
|---|---|
| Dated  November 26, 2007 | s/ Julian Abele Cook, Jr. |
| Detroit, Michigan | JULIAN ABELE COOK, JR. |
| | United States District Court Judge |

Certificate of Service

     I hereby certify that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford  
Courtroom Deputy Clerk
